UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACY SPAGNARDI,<br><br>  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CRIMINAL ACTION NO.<br>1:17-CR-0345-2-CAP<br><br>CIVIL ACTION NO.<br>1:20-CV-4169-CAP |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 162]. The movant has filed objections thereto [Doc. No. 164].

**I. Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009)

(quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## II. Discussion

### A. Background[1]

A federal grand jury in the Northern District of Georgia returned an indictment against the movant and her husband, Allen Spagnardi, charging them with a healthcare fraud scheme.  In two superseding indictments, both defendants were charged with conspiracy to defraud the Internal Revenue Service and aggravated identity theft [Doc. Nos. 1, 49, 82].  The movant was

---

[1] There was no objection to the procedural history set forth by the magistrate judge.  Finding no error, the court adopts the procedural history from the R&R and has incorporated it into this order.

represented by attorneys Kristen Novay and Don Samuels from the point of the first superseding indictment through sentencing.

On April 24, 2019, the movant entered a guilty plea pursuant to a negotiated plea agreement to one count of conspiracy to commit healthcare fraud and one count of conspiracy to defraud the Internal Revenue Service.

On November 7, 2019, Judge Orinda Evans sentenced the movant to a told of fifty-one months imprisonment to be followed by three years of supervised release [Doc. No. 112].

The movant did not file a direct appeal. On October 8, 2020, she filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 through counsel Steven Berne [Doc. No. 139]. The § 2255 motion raised two claims of ineffective assistance of counsel.

After briefing of the motion was complete, the magistrate judge held a hearing on July 26, 2021, during which the movant and both of her sentencing attorneys testified. Also, the movant's mother, her therapist, and an expert witness testified. The magistrate judge allowed for post-hearing briefing, and after receipt of the movant's brief and the government's brief, he issued the R&R that is now pending.

As an initial matter, the magistrate judge pointed out that the only claim remaining was the movant's assertion that her sentencing attorneys

were ineffective for their failure to seek a downward departure based on the physical and verbal abuse of her husband. The magistrate judge found the second claim of ineffective assistance of sentencing counsel based on their failure to object to the movant's criminal history category was abandoned by the movant. She did not object to this finding.

With respect to the remaining claim for ineffective counsel, the magistrate judge concluded, based on the testimony of Novay and Samuelson, that they made the deliberate choice not to seek a downward departure based on the abuse suffered by the movant. Thus, the decision was strategic, and any challenge thereto carries a heavy burden. "In order to show that an attorney's strategic choice was unreasonable, a [movant] must establish that no competent counsel would have made such a choice." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Put another way, "trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); *Sullivan v. Deloach*, 459 F.3d 1098, 1108 (11th Cir. 2006) ("purpose of ineffectiveness

review is not to grade counsel's performance"), cert. denied, 549 U.S. 1286 (2007).

In the objections, the movant argues that the magistrate judge focused more on counsels' testimony rather that the movant's. The movant apparently contends that the magistrate judge was minimalizing the abuse she suffered. This argument is misplaced, however. The details of the testimony by the movant's lawyers were properly the focus of the magistrate judge because that testimony established that strategic nature of the decision not to raise spousal abuse as justification for a downward departure. The testimony makes clear that the attorneys considered and rejected that strategy. The movant has failed to demonstrate that no competent counsel could have made that choice. Accordingly, the movant cannot prevail on her claim.

The magistrate judge recommended that the movant be denied a Certificate of Appealability ("COA"). In the objections, the movant makes no mention of the recommendation with as to the COA.

Section 2253 sets forth the standard a movant must satisfy to obtain appellate review of this court's disposition of his § 2255 motion to vacate:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -

> (A) the final order in a habeas corpus proceeding which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1-3).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

This court finds that the movant's ineffective assistance claim based on failure to seek a downward departure is wholly without merit and the other ineffective assistance claim was abandoned.  Accordingly, the movant is denied a COA.  The movant may request a circuit judge to issue a COA since this court has denied the same.  Fed. R. App. P. 22 (b)(1, 2).  "Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d

6

1251, 1255 (11th Cir. 2000) (quoting *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996)).

Based on the foregoing, the movant's objections [Doc. No. 164] are OVERRULED, and the magistrate judge's R&R [Doc. 162], as reviewed herein, is ADOPTED as the order of the court.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this 6th day of April, 2022.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge